Mr. Chief Justice Shaexe'y
delivered the opinion of the court.
The plaintiffs instituted this suit against the defendants on a decree of the chancery court, pronounced against them as administrator and administratrix of Archibald Douglass, deceased. With a view to make them personally liable, he has suggested a de-vastavit in the declaration out of which the material points in the case arise. It appears by the bill of exceptions, that the plaintiff on the trial introduced and read in evidence, the record from the court of chancery, containing the proceedings there had, including the decree, and there rested his case. The counsel for defendants then requested the court to charge the jury, first, that it was necessary that there should be evidence of a devastavit to authorise the jury to find for the plaintiff; and, secondly, that the record from the court of chancery was not of itself evidence of that fact. To this, the plaintiff’s counsel objected, but the court overruled the objection and gave the charge as requested, and the jury found for the defendant.
As regards the abstract question embraced in the first proposition, there can be no doubt as to the correctness of the charge. In the argument it has been admitted, that as a principle of law, it is undeniably true, and the question is as to what constitutes evidence of a devastavit. For the plaintiffs, it is contended, that the decree against the defendants in their representative capacity 'was evidence of the devastavit, they not having discharged themselves by proper pleas. Our inquiry will, therefore, be directed to the sufficiency of the evidence offered to establish the de-vastavit.
There is a very material difference as regards the liability of executors and administrators, between the law in this state and *624 the. practice in England. By the English practice, a judgment against an executor or administrator, or any other plea than plene administravii, or a plea admitting assets to a certain extent, and nothing beyond, is evidence of assets, and an executor or admin-. istrator will not afterwards be allowed to deny that he received them. His liability is thus fixed by the presumption, that if there had not been assets sufficient he would have pleaded it in the first instance, and that by pleading to the merits of the action he has virtually admitted a sufficiency of assets. The rigor of this-rule is removed by our statute, and an executor or administrator is not liable beyond the amount of assets for any omission in pleading, mispleading, or false pleading. Revised Code, 44, s. 57. Nor is an executor or administrator bound to plead specially, but may give any matter in evidence under the general issue. Revised Code, 60, s. 105. These provisions clearly indicate the leniency with which the acts of executors and administrators are considered by our law, nothing being deemed sufficient to create a presumption of assets. 1 It is most manifest that the English rule, cannot exist here, for two reasons; first, the statutory provision intervenes; and, secondly, the plea of plene ctdminisiravit is unknown in our practice; so that an executor or administrator could not relieve himself by pleading it. But even if it does prevail I do not think it can be carried to the extent contended for by the plaintiff’s counsel, as I think it will appear on examination of the authorities.
The practice, as it at first prevailed in England, was for the sheriff to return milla bona and a devastavit, and then the plaintiff was entitled to execution de bonis propriis. Subsequently it was the practice to sue out a scire facias and obtain an award'of execution. Different rules prevailed in the courts of king’s bench and common pleas, which becoming troublesome, both courts adopted the scire fieri inquiry, by which the sheriff was author-ised to inquire by a jury whether a devastavit had been committed, and if so, to warn the defendant to appear and answer to the charge; and unless he made a good defence, execution was awarded against him. In lieu of this proceeding the action of debt, *625 suggesting a devastavit, was substituted and is now the common remedy. 1 Saund. Rep. 219, note 8.
If the judgment alone be evidence of a devastavit, why did the courts in England think it necessary to resort to these several modes of proceeding to justify them in issuing execution against the proper goods of the administrator? It is an inference not easily resisted, that they did not think the judgment alone sufficient evidence of the fact. The compiler of the note above referred to cannot be understood as meaning any thing else when he says, “ If, therefore, upon a fieri facias de bonis testatoris on a judgment obtained against an executor' by either of the ways above mentioned, either no goods can be found which were the testator’s, or not sufficient to satisfy the demand; or, which is the same thing, if the executor will not expose them to execution, that is evidence of a devastavit.”- From this language it would seem to be the failure to find the goods after a proper effort, that constitutes the devastavit. A part of the same note referred to was relied on by the plaintiff’s counsel in support of his case. It is said that “this action may be brought upon the judgment upon a bare suggestion of a devastavit without any writ of fieri facias first taken out upon the judgment.” This is undoubtedly true, but it does not still follow that the judgment would be evidence of a devastavit. The plaintiff might resort to proof other than the return of nulla bona to establish it. The succeeding remarks of the author show what will be deemed sufficient proof. He says, “but the usual course is first to sue out a fieri facias upon the judgment, and upon the sheriff’s return of nulla bona, to bring the action and state the judgment, the writ and return in the declaration, and on the trial the record of the judgment, the fieri facias and the return will be sufficient evidence to prove the case.” If any thing less would be sufficient evidence to prove the case it is remarkable that the author should have been so particular in including the whole of the proceedings. If the judgment alone would be evidence it is scarcely probable that he would have mentioned the writ and return. The same language is again held by the same author in a subsequent note. 1 Saunders, 337. The case of Ewing et al. v. Peters, 3 Durnford and East, 635, *626 leads to the same conclusion. That was an action agáinst an executor suggesting a devastarán On the trial, the judgment against him, the fieri facias and the return of nulla bóna were all offered in evidence to establish the devastavit, and it was made a question whether they rvere all sufficient. Lord Kenyon, in delivering his opinion, declared that although the current of authorities favored the sufficiency of evidence, yet that he had met nothing to convince him, and although he yielded to the weight of authority, he rvould not to the reasoning of them: I think it fair to infer that if the evidence had not been complete by the exhibition of the judgment, fieri facias and return, it worild have been deemed insufficient.
In the absence of a positive authority declaring the judgment alone evidence of a devastavit, I harm been unable to arrive at any other conclusion than that it is insufficient. Even if it be taken as evidence of assets, yet there is a rvide difference betAveen the possession of assets and the wasting of them. The mere fact that an administrator has assets in his hands, does not give a right of action to the creditors of an estate against him individually. It is the Avasting of the estate that gives the right, and that wasting Avill not be presumed from the fact that assets came into his hands.
There is another consideration which might be urged with great force in this case. The decree was pronounced on a bill brought to enjoin proceedings at law, instituted by the defendants against the plaintiff. The suit at law was founded on a note Avhich had been given for land purchased of the intestate in his lifetime. The plaintiff had made one payment toward the purchase money to the intestate, and on the hearing the chancellor rescinded the contract for the land, and decreed that the amount paid the intestate should be repaid by his administrators. The amount decreed to be refunded did not necessarily present itself as a claim against the estate, but only arose as a consequence of the rescisión of the contract, and it is therefore questionable whether the decree could be any evidence of assets. Independently of this, hoAvever, I think, for the reasons before given, that the court Avas -correct in the charge to the jury.
Judgment must be affirmed.